SUMMARY ORDER
Vance Jackson was convicted in the Eastern District of New York in 2004 of being a felon in possession of a firearm, see 18 U.S.C. §§ 922(g)(1), 924(a)(2), and sentenced to 40 months’ incarceration followed by 3 years’ supervised release. On this appeal, he challenges the revocation of his supervised release based on the district court’s finding by a preponderance of the evidence that he (1) twice violated New York law by subjecting women to third-degree assault, see N.Y. Penal Law § 120.00-1, and (2) failed to comply with the special condition of his release that he complete a mental health treatment program. We assume familiarity with the facts and record of proceedings, which we reference only as necessary to explain our decision.
1. New York Law Violations
Jackson submits that the district court erred in allowing victim hearsay accounts of the alleged assaults to be introduced into evidence at his revocation hearing. He further argues that the evidence was insufficient to establish the level of victim injury required for third-degree assault. Neither argument is persuasive.
Neither the Confrontation Clause nor the Rules of Evidence proscribe hearsay evidence at revocation hearings. See United States v. Aspinall, 389 F.3d 332, 340 (2d Cir.2004) (noting “the inapplicabili *703 ty of the Confrontation Clause and the Federal Rules of Evidence to probation revocation proceedings”), abrogated on other grounds by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as recognized in United States v. Fleming, 397 F.3d 95, 99 & n. 5 (2d Cir.2005); Fed.R.Crim.P. 32.1, 1979 Advisory Comm. Notes (noting that “the usual rules of evidence need not be applied” during a revocation hearing). Nevertheless, Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure instructs that a defendant facing revocation “is entitled to ... an opportunity to ... question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.” Construing this rule in United States v. Williams, this court concluded that, if proffered hearsay did not fall within an established exception, a district court had to identify “good cause” to deny the defendant the opportunity to confront the declarant. 443 F.3d 35, 45 (2d Cir.2006). Such a determination requires the district court to “balance, on the one hand, the defendant’s interest in confronting the declarant, against, on the other hand, the government’s reasons for not producing the witness and the reliability of the proffered hearsay.” Id. We review a district court’s Rule 32.1(b)(2)(C) determination for abuse of discretion, see id. at 46, and we identify none in this case.
The government stated that it was not calling the assault victims, Lina Noel and Asheba Ferguson, because neither was then cooperating with the authorities. Noel had recanted her original accusations against Jackson, but the government did not find the recantation credible and did not think she would testify truthfully at a hearing. Meanwhile, Ferguson had repeatedly told a probation officer that she was unwilling to testify against Jackson because of threats she had received, both in person and by telephone. The explanation for not calling Ferguson is more obviously demonstrative of good cause than that pertaining to Noel, see id. at 46-47 (finding good cause where witness had been threatened repeatedly, had changed address and work schedule to avoid further threats, and had refused to testify despite a subpoena). Nevertheless, the reliability of both victims’ hearsay accounts of the defendant’s assaults was so convincingly demonstrated as to preclude a finding of abuse in the decision to admit their statements. Not only had (1) Ferguson offered a number of detailed and consistent accounts of Jackson assaulting her, and (2) Noel provided a sworn and recorded account of her assault by Jackson, but (3) Jackson himself had admitted to physical altercations with the women on the two nights in question. While Jackson tried to minimize the nature of these altercations, (4) contemporaneous hospital records manifested significant injuries consistent with the victims’ accounts of third-degree assault. Notably, with respect to Noel, hospital records indicated a human bite mark to her nose, which, when considered together with Jackson’s admission, strongly established the alleged assault. Moreover, to the extent Noel told treating hospital personnel that she had been assaulted by the father of her child (ie., Jackson), those statements would have been admissible without good cause balancing under the established hearsay exception of Fed. R.Evid. 803(4). See id. at 45.
Accordingly, on this record, we conclude that the district court did not act outside its discretion in admitting the victims’ hearsay accounts. Even if we were to identify error, however, we would consider it harmless because Jackson’s admissions together with the hospital records of the victims’ significant injuries and Noel’s statements in seeking treatment convincingly establish the charged assaults and, *704 therefore, the violation of supervised release. In sum, we identify no merit in either Jackson’s hearsay or his sufficiency challenge.
2. Failure To Complete Mental Health Plan
Jackson does not dispute that he did not complete a mental health plan. Nevertheless, he asserts that his good faith efforts to do so precluded a finding of violation. The district court heard testimony and carefully considered the record of missed appointments. We review a district court’s factual findings during a revocation hearing for clear error, United States v. Carlton, 442 F.3d 802, 810 (2d Cir.2006), and identify no such error in its determination that defendant had not made a good faith effort to comply with this condition of supervision.
3. The Reasonableness of the Sentence
Jackson submits that imposition of a two-year sentence, the maximum provided by law, for his supervision violation was so harsh as to be substantively unreasonable. We disagree. Defendant’s crime of conviction, possession of a firearm by a convicted felon, signaled that he posed a real and serious risk of violence. The fact that, after serving a 40-month prison term, Jackson committed two serious assaults while on supervision demonstrated that the original concern not only persisted but that supervision was an inadequate deterrent. On this record, we cannot conclude that the district court’s imposition of a maximum sentence was substantively unreasonable. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (explaining that sentence will be deemed substantively unreasonable only “in exceptional cases where the trial court’s decision ‘cannot be located within the range of permissible decisions’ ” (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir.2007))); United States v. Hargrove, 497 F.3d 256, 259 (2d Cir.2007) (recognizing district court’s broad discretion to impose prison term “up to the statutory maximum” for violations of supervised release (internal quotation marks omitted)); United States v. Fleming, 397 F.3d at 100 (upholding maximum two-year sentence for violation of supervised release and anticipating that appellate courts would encounter substantively unreasonable sentences “infrequently”).
We have considered all of Jackson’s remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.